UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | NO. 3:18-CR-138 |
| | ) | REEVES/POPLIN |
| CRAIG C. DICICCO | ) | |

**MEMORANDUM AND ORDER**

Before the court is Craig Dicicco's motion for early termination of probation. [Doc. 31]. In support of his motion, Mr. Dicicco states he has completed 16 months of his 24-month term of probation with no compliance issues. He has completed a 12-week intensive outpatient substance abuse treatment program and continues to attend N.A. meetings on a weekly basis. He is living with his family and has been employed in the maintenance department of his church.

On January 15, 2019, Mr. Dicicco was sentenced to 2 years of probation following his guilty plea to conspiracy to theft of mail by a postal employee, in violation of 18 U.S.C. § 1709. Mr. Dicicco's base offense level, after adjusting the offense level for acceptance of responsibility was 6, and his criminal history category was I, resulting in an advisory guideline range of 0–6 months. The Court accepted the plea agreement in this case in which, pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), Mr. Dicicco and the government agreed that a 2-year probationary sentence was the appropriate disposition of the case. Mr. Dicicco's term of probation is set to expire on January 14, 2021.

The United States Probation Office has informed the court that it does not oppose early termination of Mr. Dicicco's probation. Likewise, the Probation Office has

1

confirmed that Mr. Dicicco has met all court-ordered financial obligations, has submitted negative drug screens during his probation, and has completed an intensive outpatient substance abuse treatment program. The government has not opposed the motion.

Mr. Dicicco has moved for termination of probation pursuant to 18 U.S.C. 3564(c). Section 3564(c) of Title 18 of the United States Code provides that:

> The court, after considering the factors set forth in section 3553(a) to the extent that they are applicable, may, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, terminate a term of probation previously ordered and discharge the defendant at any time in the case of a misdemeanor or an infraction or at any time after the expiration of one year of probation in the case of a felony, if it is satisfied that such action is warranted by the conduct of the defendant and the interest of justice.

18 U.S.C. § 3564(c).

In reviewing the motion, Mr. Dicicco has shown that he is rehabilitated and done very well under probation, despite his early struggles while on pretrial release. Mr. Dicicco has continued to build on the foundation laid during his completion of the outpatient program at the beginning of his probation and should be commended for the positive steps he has made since. Moreover, Mr. Dicicco has served 16 months of his original 24-month term, during which he has maintained a stable residence, has engaged with his family, and has established stable employment.

After carefully considering defendant's rehabilitation and the pertinent factors set forth in 18 U.S.C. § 3553, the Court is satisfied that early termination of Mr. Dicicco's probation is warranted by his conduct and the interest of justice. *See* 18 U.S.C. § 3564(c).

Accordingly, the motion [Doc. 31] is **GRANTED**, and Mr. Dicicco's term of probation is hereby **TERMINATED**.

The court commends Mr. Dicicco for his efforts to turn his life around and wishes him success in his future endeavors.

**IT IS SO ORDERED**.

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

3

Case 3:18-cr-00138-PLR-DCP   Document 32   Filed 06/10/20   Page 3 of 3   PageID #: 244